UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAYMOND SAMAROO, SUKHJINDER SINGH,
and SIMRANJIT SINGH,                                                    Case No.

                                      Plaintiffs,

                                                                       **COMPLAINT**

        -against-

ROCKAWAY BEACH SERVICE STATION INC.
and XUBING CHEN,

                                      Defendants.
-----------------------------------------------------------------X


        Plaintiffs, RAYMOND SAMAROO ("Samaroo"), SUKHJINDER SINGH ("Sukhjinder"),

and SIMRANJIT SINGH ("Simranjit") (collectively the, "Plaintiffs"), by and through their

undersigned attorney, Arthur H. Forman, hereby filing this Complaint against defendants

ROCKAWAY BEACH SERVICE STATION INC. ("Rockaway"), and XUBING CHEN

("Chen" and together with Rockaway, the "Defendants") states as follows:

                              **NATURE OF THE ACTION**

        1.      Plaintiffs allege that pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201 *et. seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid

minimum wages (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment

and post-judgment interest, and (e) attorneys' fees and costs.

        2.      Plaintiffs further allege that pursuant to the New York Labor Law ("NYLL"), they

are entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime

compensation, (c) unpaid "spread of hours" premium for each day they worked a shift in excess

of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor

Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment

interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' State law claims under 28 U.S.C. §1367 (a).

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiffs were employed by the Defendants in this district.

## THE PARTIES

5.      Plaintiffs are adult individuals residing in Queens County, New York.

6.      Upon information and belief, defendant Rockaway Beach Service Station Inc. is and at all times relevant herein was, a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the County of Queens, State of New York, at 112-01 Beach Channel Drive, Rockaway Park, New York 11694.

7.      Defendant Chen is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

8.      Defendant Chen is sued individually in his capacity as owner, officer and/or agent of Rockaway.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

9.      At all relevant times, the Defendants owned, operated, or controlled a gas station and motor vehicle repair shop located at 112-01 Beach Channel Drive, Rockaway Park, New York 11694.

10.     Defendant Chen possesses and at all times relevant herein possessed

operational control over Rockaway, an ownership interest in Rockaway and/or controls or controlled significant functions of Rockaway.

11.     At all times relevant herein, Defendant Chen possessed substantial control over working conditions at Rockaway, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

12.     Defendant Chen determines or at all times relevant, determined the wages and compensation of the employees of Rockaway, including Plaintiffs, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

13.     At all relevant times, Defendant Chen was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

14.     Defendants jointly employed Plaintiffs and were joint employers within the meaning of 29 U.S.C. 201 *et seq.* and the New York Labor Law.

15.     In each year from 2020 to present, Rockaway has had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

16.     In addition, at all times relevant, the Defendants and/or their enterprise were directly engaged in interstate commerce.  For example, the oil and other automotive products used by Plaintiffs to maintain or repair motor vehicles were purchased from companies located outside of the State of New York.

17.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

### ***Plaintiff Samaroo***

18.     Plaintiff Samaroo was employed by the Defendants primarily as an auto mechanic and also managed the repair shop from on or about approximately January 1, 2016 through September 16, 2019.

19.     Plaintiff Samaroo regularly handled goods in interstate commerce, such as oil, brake pads, tires and other automotive products that were manufactured outside of the State of New York.

20.     Samaroo's work duties required neither discretion nor independent judgment.

21.     Samaroo never set the schedules of the Defendants' employees.

22.     Samaroo never decided the number of hours that the Defendants' employees would work.

23.     Samaroo never interviewed employees or recommended that any employees be hired or discharged.

24.     Samaroo never handled employees' grievances and never disciplined Defendants' employees.

25.     During the entire time Samaroo worked for Defendants, he was paid his wages mostly in cash.

26.     Samaroo was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

27.     Throughout his employment with the Defendants, Samaroo worked in excess of forty (40) hours per week.

28.     If Samaroo missed a day of work, he was not paid.

29.     Because of the demands of the job, Samaroo did not receive a meal break of at least thirty minutes.

30.     From the date he was hired until on or about July 1, 2016, Samaroo worked six days per week with Sundays off, from 7:00 a.m. to 7:00 p.m., a total of 72 hours per week.

31.     From on or about July 1, 2016 until his employment ended, Samaroo worked 7:00 a.m. to 6:00 p.m. Monday to Friday and 7:00 a.m. to 4:00 p.m. on Saturday.  But he also

worked one additional hour after his shift ended approximately twice during the week and every other Saturday, for an average of 66.50 hours worked per week.

32.     For the entire time of his employment, Samaroo was paid a fixed salary of One Thousand Dollars ($1,000.00) per week, plus Two Hundred and Fifty dollars ($250.00) every two weeks, and One Hundred Dollars ($100.00) every month, a total average of $1,125.00 per week, regardless of the number of hours he worked each week.

33.     Defendants never paid Samaroo overtime compensation during the course of his employment.

34.     Defendants were aware of Samaroo's work hours, but failed to pay Samaroo the full amount of wages to which he was entitled to for his work time under the law.

35.     Defendants' failure to pay proper wages to Samaroo was made without good faith, willfully, and with a reckless disregard for his rights; and plaintiff Samaroo has been damaged by such failure.

### *Plaintiff Sukhjinder*

36.     Plaintiff Sukhjinder was employed by the Defendants as a cashier from on or about July 1, 2015 through October 12, 2022.

37.     Sukhjinder regularly handled goods in interstate commerce, such as cigarettes and automotive products manufactured outside of the State of New York.

38.     Sukhjinder's work duties required neither discretion nor independent judgment.

39.     Sukhjinder never set the schedules of the Defendants' employees.

40.     Sukhjinder never decided the number of hours that the Defendants' employees would work.

41.     Sukhjinder never interviewed employees or recommended that any employees be hired or discharged.

42.     Sukhjinder never handled employees' grievances and never disciplined Defendants' employees.

43.     During the entire time Sukhjinder worked for Defendants, he was paid his wages in cash.

44.     Sukhjinder's hours and wages were recorded on a weekly basis, and upon information and belief, Defendants have a record of the hours Sukhjinder worked and the amounts Defendants paid him.

45.     Throughout his employment with the Defendants, Sukhjinder worked in excess of forty (40) hours per week, typically seven days per week.

46.     If Sukhjinder missed a day of work, he was not paid.

47.     Because of the demands of the job, Sukhjinder did not receive any breaks.  He was required to remain in the cashier's booth for his entire shift.

48.     During all times of his employment, Sukhjinder worked seven days per week, from 6:00 a.m. or 7:00 a.m. until 2:00 p.m. or 3:00 p.m., but sometimes as late as 12:00 midnight if plaintiff Simranjit, who had the evening shift, did not come to work.  As a result, Sukhjinder worked an average of 58 hours per week for Defendants.

49.     From the date he was hired until on or about May 1, 2018, Defendants paid Sukhjinder $9.50 for each hour he worked.

50.     From on or about May 1, 2018, until on or about January 1, 2019, Defendants paid Sukhjinder $10.00 for each hour he worked.

51.     From on or about January 1, 2019 until his employment ended, Defendants paid Sukhjinder, $12.00 for each hour he worked.

52.     Defendants never paid Sukhjinder overtime compensation during the course of his employment.

53.     Defendants were aware of Sukhjinder's work hours, but failed to pay Sukhjinder the full amount of wages to which he was entitled to for his work time under the law.

54.     Defendants' failure to pay proper wages to Sukhjinder was made without good

faith, willfully, and with a reckless disregard for his rights; and plaintiff Sukhjinder has been damaged by such failure.

### *Plaintiff Simranjit*

55.     Plaintiff Simranjit was employed by the Defendants as a cashier from on or about approximately January 1, 2017 through July 30, 2021.

56.     Simranjit regularly handled goods in interstate commerce, such as cigarettes and automotive products manufactured outside of the State of New York.

57.      Simranjit's work duties required neither discretion nor independent judgment.

58.     Simranjit never set the schedules of the Defendants' employees.

59.     Simranjit never decided the amount of hours that the Defendants' employees would work.

60.     Simranjit never interviewed employees or recommended that any employees be hired or discharged.

61.     Simranjit never handled employees' grievances and never disciplined Defendants' employees.

62.     During the entire time Simranjit worked for Defendants, he was paid his wages in cash.

63.     Simranjit's hours and wages were recorded on a weekly basis, and upon information and belief, Defendants have a record of the hours Simranjit worked and the amounts Defendants paid him.

64.     Throughout his employment with the Defendants, Simranjit worked in excess of forty (40) hours per week, typically seven days per week.

65.     If Simranjit missed a day of work, he was not paid.

66.     Because of the demands of the job, Simranjit did not receive any breaks.  He was required to remain in the cashier's booth for his entire shift.

67.     During all times of his employment, Simranjit usually worked seven days per

week, but sometimes had a day off approximately every other week.  He typically worked from 1:00 p.m. or 2:00 p.m. until approximately 11::00 p.m. or 12:00 p.m., but sometimes worked from 7:00am to 12:00am if plaintiff Sukhjinder, who had the morning shift, called out for the day. As a result, Simranjit worked an average of 65.5 hours per week for Defendants..

68.    From the date he was hired by Defendants until on or about May 1, 2018, Simranjit was paid $9.50 for each hour he worked.

69.    From on or about May 1, 2018, until on or about January 1, 2019, Defendants paid Simranjit $10.00 for each hour he worked.

70.    From on or about January 1, 2019 until his employment ended, Defendants paid Simranjit, $12.00 for each hour he worked.

71.    Defendants never paid Simranjit overtime compensation during the course of his employment.

72.    Defendants were aware of Simranjit's work hours, but failed to pay Simranjit the full amount of wages to which he was entitled to for his work time under the law.

73.    Defendants' failure to pay proper wages to Simranjit was made without good faith, willfully, and with a reckless disregard for his rights; and plaintiff Simranjit has been damaged by such failure.

### *Defendants' General Employment Practices*

74.    As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

75.    Defendants engaged in their unlawful conduct pursuant to a business policy of minimizing labor costs and denying employees, including Plaintiffs', compensation by knowingly violating the FLSA and NYLL.

76.    Defendants failed to provide Plaintiffs with wage statements at the time of her

payment of wages, containing the regular and overtime rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

77.     Defendants failed to provide Plaintiffs, whenever his rate of pay changed, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

78.     Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

## **FIRST CAUSE OF ACTION**
### **Violation of Minimum Wage Provision of the FLSA**

80.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

81.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiffs were damaged in an amount to be determined at trial.

## **SECOND CAUSE OF ACTION**
### **Violation of the Overtime Provisions of the FLSA**

83.     Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in

excess of forty hours in a work week.

84.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Violation of the New York Minimum Wage Act

86.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

87.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

88.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### Violation of the Overtime Provisions
### of the New York State Labor Law

89.    Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

91.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Violation of the Spread of Hours Wage Order
### of the New York Commissioner of Labor

92.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Labor Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of

Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a).

93.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Labor Law § 663.

94.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

95.     Defendants failed to provide Plaintiffs with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

96.     As a result of the foregoing, Defendants are liable to each Plaintiff in the amount of  $5,000.00.

## SEVENTH CAUSE OF ACTION

### Violation of the Wage Statement Provisions of the New York Labor Law

97.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement in writing listing each of the following: the overtime rate or rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

98.     As a result of the foregoing, Defendants are liable to each Plaintiffs in the amount of $5,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against

Defendants by:

a.      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiffs;

b.      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

c.      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor as to Plaintiffs;

d.      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, and wages;

e.      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

f.      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages under the FLSA;

g.      Awarding liquidated damages in an amount equal to 100% of Plaintiffs' damages for the amount of unpaid minimum and overtime wages under the FLSA pursuant to 29 U.S.C. §216(b);

h.      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiffs;

i.      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiffs;

j.      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, and wages;

k.      Declaring that Defendants' violations of the New York Labor Law were willful;

l.      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, as well as awarding spread of hours pay, under the NYLL;

m.      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198 (1-d);

n.      Awarding Plaintiffs liquidated damages pursuant to NYLL §§ 198(1-a) and 663 in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay  shown to be owed;

o.      Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

p.      Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees; and

q.      Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).


Dated:   February 16, 2023
         Forest Hills, New York

                                              _____/S/_____
                                              ARTHUR H. FORMAN
                                              90-20 Metropolitan Avenue
                                              Forest Hills, New York 11375
                                              (718) 268-2616
                                              *Attorney for Plaintiffs*