UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND SAMAROO, SUKHJINDER SINGH, and SIMRANJIT SINGH,<br><br>Plaintiffs,<br><br>ROCKAWAY BEACH SERVICE STATION, INC. and XUBING CHEN,<br><br>Defendants. | Case No. 23-CV-1272 CBA-RML |

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS ROCKAWAY BEACH SERVICE STATION, INC. and XUBING CHEN**

Defendants Rockaway Beach Service Station Inc. and Xubing Chen (collectively, "Defendants"), by and through their counsel, Venable LLP, hereby answer the corresponding paragraphs set forth in the Complaint dated February 16, 2023 (the "Complaint") filed by Plaintiffs Raymond Samaroo, Sukhjinder Singh, and Simranjit Singh (collectively, "Plaintiffs") in the above-captioned matter (the "Action"). To the extent there is an ambiguity in this Answer, any allegation in the Complaint not specifically admitted below is hereby expressly denied.

## NATURE OF THE CASE[1]

1. Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except Defendants admit that the Plaintiffs purport to bring this Action to recover allegedly unpaid minimum wages, unpaid overtime compensation, liquidated damages, prejudgment and post-judgment interest, and attorneys' fees and costs from Defendants, allegedly in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq*. ("FLSA").

---

[1] Defendants utilize the headings as worded in the Complaint for the sake of reference and convenience only. Defendants do not admit or concede any allegations or characterizations in the wording of any Complaint headings unless specifically stated otherwise in this Answer.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except Defendants admit Plaintiffs purport to bring this Action to recover allegedly unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, prejudgment and post-judgment interest, and attorneys' fees and costs from Defendants allegedly in violation of the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

4. The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

## THE PARTIES

5. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint.

6. Defendants deny sufficient information or knowledge to admit or deny the allegation in Paragraph 6 of the Complaint that Defendant Rockaway Beach Service Station Inc. "at all times relevant" was a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the County of Queens, State of New York, at 112-01 Beach Channel Drive, Rockaway Park, New York 11694, except Defendants admit that Defendant Rockaway Beach Service Station Inc. is a domestic business corporation

organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 112-01 Beach Channel Drive, Rockaway Park, New York 11694.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, except Defendants admit that Defendant Chen is individually named as a defendant in this Action.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

9. Defendants deny the allegations in Paragraph 9 of the Complaint, except Defendants admit that Defendant Chen owned, operated or controlled a business located at 112-01 Beach Channel Drive, Rockaway Park, New York 11694.

10. Defendants deny the allegations in Paragraph 10 of the Complaint, except Defendants admit that Defendant Chen has an ownership interest in Defendant Rockaway and control over the business of Defendant Rockaway.

11. Defendants deny the allegations in Paragraph 11 of the Complaint, except Defendants admit that Defendant Chen had some control over the working conditions at Rockaway and over the policies and practices with respect to the employment and compensation of Plaintiffs.

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except Defendants admit that Defendant Chen determined the wages and compensation of the employees of Defendant Rockaway and possessed some management and control over the schedules of employees, maintaining employee records, and authority to hire and fire employees.

13. The allegations in Paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in

Paragraph 13 of the Complaint and further deny sufficient information or knowledge to admit or deny the allegation that Defendant Chen employed Plaintiffs "at all relevant times."

14. The allegations in Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint, except Defendants admit that Defendant Rockaway was engaged in interstate commerce. Defendants further denies sufficient knowledge or information to admit or deny the allegation that "the oil and other automotive products used by Plaintiffs to maintain or repair motor vehicles were purchased from companies located outside of the State of New York."

17. The allegations in Paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

*<u>Plaintiff Samaroo</u>*

18. Defendants deny the allegations in Paragraph 18 of the Complaint, except Defendants admit that Plaintiff Samaroo was employed by Defendant Rockaway as an auto mechanic and to manage the repair shop.

19. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint, except Defendants admit that Plaintiff Samaroo worked with oil, brake pads, tires and other automotive products as part of his job duties.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint, except Defendants admit that during the time Plaintiff Samaroo worked for Defendant Rockaway, Plaintiff Samaroo, during some pay periods, worked more than forty (40) hours per week.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint, except Defendants admit that during the time Plaintiff Samaroo worked for Defendant Rockaway, Plaintiff Samaroo, during some pay periods, worked six days per week with Sundays off from 7:00 a.m. to 7:00 p.m.

31. Defendants deny the allegations in Paragraph 31 of the Complaint, except Defendants admit that during the time Plaintiff Samaroo worked for Defendant Rockaway, Plaintiff Samaroo, during some pay periods, worked 7:00 a.m. to 6:00 p.m. Monday to Friday and 7:00 a.m. to 4:00 p.m. on Saturday.

32. Defendants deny the allegations in Paragraph 32 of the Complaint, except Defendants admit that Plaintiff Samaroo was paid a fixed salary per week, regardless of the number of hours he worked each week.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

***Plaintiff Sukhjinder***

36. Defendants deny the allegations in Paragraph 36 of the Complaint, except admit that Plaintiff Sukhjinder was employed by Defendant Rockaway as a cashier.

37. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint, except Defendants admit that Plaintiff Sukhjinder worked with cigarettes and automotive products as part of his job duties.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 39 of the Complaint that Plaintiff Sukhjinder "never set the schedules of the Defendants' employees."

40. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 40 of the Complaint that Plaintiff Sukhjinder "never decided the number of hours that the Defendants' employees would work."

41. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 41 of the Complaint that Plaintiff Sukhjinder "never interviewed employees or recommended that any employees be hired or discharged."

42. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 42 of the Complaint that Plaintiff Sukhjinder "never handled employees' grievances and never disciplined Defendants' employees."

43. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Complaint.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint, except Defendants admit that during the time Plaintiff Sukhjinder worked for Defendant Rockaway, Plaintiff Sukhjinder, during some pay periods, worked more than forty (40) hours per week and/or seven (7) days per week.

46. Defendants admit the allegations in Paragraph 46 of the Complaint. Defendants aver that Plaintiff Sukhjinder was not entitled to compensation for hours not worked.

47. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Complaint, except Defendants admit that Plaintiff Sukhjinder was required to remain in the cashier's booth for his entire shift. Defendants aver that Plaintiff Sukhjinder was the only person on duty during his shift.

48. Defendants deny the allegations in Paragraph 48 of the Complaint, except Defendants admit that during the time Plaintiff Sukhjinder worked for Defendant Rockaway, Plaintiff Sukhjinder, during some pay periods, sometimes worked seven days per week, worked from 6:00 a.m. or 7:00 a.m. until 2:00 p.m. or 3:00 p.m., and/or worked until 12:00 midnight to cover Plaintiff Simranjit's evening shift if Plaintiff Simranjit did not come to work.

49. Defendants deny the allegations in Paragraph 49 of the Complaint, except Defendants admit that for a period of time after Plaintiff Sukhjinder was hired, Plaintiff Sukhjinder was paid $9.50 for each hour worked.

50. Defendants deny the allegations in Paragraph 50 of the Complaint, except Defendants admit that Plaintiff Sukhjinder's pay increased to $10.00 per hour while he was employed by Defendant Rockaway and Plaintiff Sukhjinder was paid $10.00 for each hour worked.

51. Defendants deny the allegations in Paragraph 51 of the Complaint, except Defendants admit that Plaintiff Sukhjinder's pay increased to $12.00 per hour while he was employed by Defendant Rockaway and Plaintiff Sukhjinder was paid $12.00 for each hour worked.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

*Plaintiff Simranjit*

55. Defendants deny the allegations in Paragraph 55 of the Complaint, except admit that Plaintiff Simranjit was employed by Defendant Rockaway as a cashier.

56. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Complaint, except Defendants admit that Plaintiff Simranjit worked with cigarettes and automotive products as part of his job duties.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 58 of the Complaint that Plaintiff Simranjit "never set the schedules of the Defendants' employees."

59. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 59 of the Complaint that Plaintiff Simranjit "never decided the number of hours that the Defendants' employees would work."

60. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 60 of the Complaint that Plaintiff Simranjit "never interviewed employees or recommended that any employees be hired or discharged."

61. Defendants deny sufficient knowledge or information to admit or deny the allegation in Paragraph 61 of the Complaint that Plaintiff Simranjit "never handled employees' grievances and never disciplined Defendants' employees."

62. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Complaint.

63. Defendants admit the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint, except Defendants admit that during the time Plaintiff Simranjit worked for Defendant Rockaway, Plaintiff Simranjit, during some pay periods, worked more than forty (40) hours per week and/or seven (7) days per week.

65. Defendants admit the allegations in Paragraph 65 of the Complaint. Defendants aver that Plaintiff Simranjit was not entitled to compensation for hours not worked.

66. Defendants deny sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Complaint, except Defendants admit that Plaintiff Simranjit was required to remain in the cashier's booth for his entire shift. Defendants aver that Plaintiff Simranjit was the only person on duty during his shift.

67. Defendants deny the allegations in Paragraph 67 of the Complaint, except Defendants admit that during the time Plaintiff Simranjit worked for Defendant Rockaway, Plaintiff Simranjit, during some pay periods, sometimes worked seven days per week, worked from 1:00 p.m. or 2:00 p.m. until approximately 11:00 p.m. or 12:00 p.m., and/or worked from 7:00 a.m. to 12:00 a.m. to cover Plaintiff Sukhjinder's morning shift if Plaintiff Sukhjinder called out of work.

68. Defendants deny the allegations in Paragraph 68 of the Complaint, except Defendants admit that for a period of time after Plaintiff Simranjit was hired, Plaintiff Simranjit was paid $9.50 for each hour worked.

69. Defendants deny the allegations in Paragraph 69 of the Complaint, except Defendants admit that Plaintiff Simranjit's pay increased to $10.00 per hour while he was employed by Defendant Rockaway and Plaintiff Simranjit was paid $10.00 for each hour worked.

70. Defendants deny the allegations in Paragraph 70 of the Complaint, except Defendants admit that Plaintiff Simranjit's pay increased to $12.00 per hour while he was employed by Defendant Rockaway and Plaintiff Simranjit was paid $12.00 for each hour worked.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

*Defendants' General Employment Practices*

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. The allegations in Paragraph 76 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. The allegations in Paragraph 77 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. The allegations in Paragraph 78 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

**AS TO "FIRST CAUSE OF ACTION"**
**Violation of Minimum Wage Provision of the FLSA**

80. The allegations in Paragraph 80 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

**AS TO "SECOND CAUSE OF ACTION"**
**Violation of the Overtime Provisions of the FLSA**

83. The allegations in Paragraph 83 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. The allegations in Paragraph 84 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

**AS TO "THIRD CAUSE OF ACTION"**
**Violation of the New York Minimum Wage Act**

86. The allegations in Paragraph 86 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. The allegations in Paragraph 87 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION"
### Violation of the Overtime Provisions of the New York Minimum Wage Act

89. The allegations in Paragraph 89 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. The allegations in Paragraph 90 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION"
### Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor

92. The allegations in Paragraph 92 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. The allegations in Paragraph 93 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

### AS TO "SIXTH CAUSE OF ACTION"
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

95. The allegations in Paragraph 95 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

### AS TO "SEVENTH CAUSE OF ACTION"
**Violation of the Wage Statement Provisions of the New York Labor Law**

97. The allegations in Paragraph 97 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

### AS TO "PRAYER FOR RELIEF"

The WHEREFORE clause in the Complaint along with corresponding paragraphs a through q sets forth a demand for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever, including the relief requested in the Complaint.

### DEFENSES

Defendants set forth the following defenses to Plaintiffs' claims. Defendants do not, by stating the matters set forth in these defenses, allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters, and do not assume the burden of proof or persuasion as to any matters to which Plaintiffs have the burden of proof or persuasion. Defendants

reserve the right to assert additional defenses that discovery indicates are proper. For its defenses, Defendants allege the following:

### FIRST DEFENSE

The Complaint is barred in whole or in part as some or all of the allegations fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

The Complaint is barred in whole or in part because, upon information and belief, Plaintiffs have failed to mitigate their alleged damages.

### FOURTH DEFENSE

The Complaint is barred in whole or in part by the doctrines of waiver, laches, unclean hands, estoppel, and/or res judicata.

### FIFTH DEFENSE

The Complaint is barred in whole or in part because Defendant acted in good faith and had reasonable grounds for believing that its pay practice complied with federal and state law and did not willfully violate the law.

### SIXTH DEFENSE

The Complaint is barred in whole or in part because one or more of Plaintiffs' claims are preempted by federal law.

### SEVENTH DEFENSE

The Complaint is barred in whole or in part because, even assuming *arguendo* that one or more of the pay notices or related forms was completed incorrectly, Plaintiffs nevertheless

received all compensation and other benefits otherwise due to them under any applicable law, regulation, or alleged contract.

## **EIGHTH DEFENSE**

The Complaint is barred in whole or in part because even assuming *arguendo* that Plaintiffs worked hours in excess of the hours for which Defendants paid them, which Defendants deny, Defendants did not authorize, require, request, suffer, or permit Plaintiffs to work such hours.

## **NINTH DEFENSE**

The Complaint is barred in whole or in part because the Plaintiffs are exempt from overtime wages in light of their job duties and/or the manner in which they are compensated.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered this Complaint, Defendants respectfully pray from this Court:

1. That the Complaint be dismissed with prejudice and order that Plaintiffs take nothing from Defendants.

2. That judgment be entered in favor of Defendants against Plaintiffs.

3. That Defendants are awarded attorneys' fees and costs, and all other such relief as this Court may deem just and proper.


Dated: April 21, 2023
      New York, New York         */s/ Jeffery A. Meyer*
                                        Jeffery A. Meyer
                                        Sarah A. Fucci
                                        VENABLE LLP
                                        151 W 42nd St., 49th Floor
                                        New York, NY 10036
                                        Tel: (212) 370-6296
                                        jameyer@Venable.com
                                        safucci@Venable.com

*Attorneys for Defendants Rockaway Beach*
*Service Station Inc. and Xubing Chen*

To: Arthur H. Forman
90-20 Metropolitan Avenue
Forest Hills, NY 11375
*Attorney for Plaintiffs*