# Arthur H. Forman
*Attorney at Law*

98-20 Metropolitan Avenue
Forest Hills, New York 11375

Tel: 718-268-2616  Fax: 718-575-1600
e-Mail: ahf@ahforman.com

December 26, 2023

Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

                        Re:    Samaroo, et al. v. Rockaway Beach et al.
                                U.S. District Court, Eastern District of New York
                                Case No. 23-CV-1272 (CBA)(RML)

Dear Judge Levy:

       This office represents the Plaintiffs in the above-referenced FLSA action.  Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015), I respectfully submit this letter motion jointly with Defendants' counsel Jeffery A. Meyer, to request that your Honor approve the within settlement agreement and Release (the "Agreement") between the parties, annexed hereto as Exhibit "A". The Agreement represents a good faith effort between experienced counsel to negotiate and resolve an action under the Fair Labor Standards Act ("FLSA").[1] In fact, the settlement was reached during mediation with Patrick "Mike" McKenna, an attorney on the court annexed mediation panel.  The parties believe the Agreement provides Plaintiffs with a fair and reasonable resolution of the action. See, generally, *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

       The Agreement provides for monthly payments by Defendants Rockaway Beach Service Station Inc. and Xubing Chen (collectively, "Defendants"), to Plaintiffs Raymond Samaroo, Sukhjinder Singh, and Simranjit Singh ("Plaintiffs"), in the total amount of $75,000.00 in satisfaction for all claims raised in this action.  Pursuant to the terms of the Agreement, Simranjit Singh will receive $30,000.00, Sukhjinder Singh will receive $20,000.00, Raymond Samaroo will receive $10,000.00, and Plaintiffs' counsel will receive $15,000.00 representing less than the 1/3 fee provided in my retainer agreement with plaintiffs. Additionally, I have waived reimbursement for the litigation costs I have paid, which total $852.00. [2]

---

[1] Although the Complaint includes causes of action for alleged violations of New York labor regulations, the FLSA protects only minimum wage and overtime. *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F. 3d 106, 115 (2d Cir. 2013).  The protections afforded employees under the FLSA do not apply to claims under the NYLL. *Tortomas v. Pall Corp.*, 18-cv-5098 (JMA)(SIL), 2020 WL 2933669 at *3 (E.D.N.Y. May 31, 2020).

[2] $402.00 for court case filing fee, $150 for process server, and $300 mediator's fee.

Hon. Robert M. Levy
December 26, 2023
Page 2

### I.   Plaintiffs' Allegations and Defendants' Response

Plaintiffs commenced this action seeking unpaid wages from February 16, 2017, which is six years prior to commencing the action.[3]   Samaroo claims he is owed unpaid overtime from February 16, 2017 until his last day of work, September 16, 2019.  He claims he was entitled to be paid by the hour because he was an auto mechanic. But he was paid as the manager of the repair shop at a weekly salary that averaged $1,125.00 including the fixed monthly bonus and expense reimbursement.  Having usually worked approximately 66.5 hours per week, he alleged he was owed approximately $30,000.00 in unpaid overtime.

Sukhjinder Singh and Simranjit Singh were both gas station cashiers.  They claim they were paid the same rate for all hours they worked, including those over forty per week, and that the hourly rate was approximately $1.00 to $3.00 less than the minimum wage. Sukhjinder claims he worked approximately 58 hours per week until his last day of work, September 16, 2019 and is owed approximately $74,500.00 in unpaid minimum wages and overtime. Simranjit claims he was paid the same hourly rate as Sukhjinder. But he claims to have worked approximately 7.5 more hours each week and was employed longer than Sukhjinder, having worked until July 30, 2022. He claims to be owed approximately $106,750.00 in unpaid minimum wages and overtime.

Defendants assert that Samaroo is not entitled to overtime pay under either the NYLL or FLSA as he fell within each statute's executive exemption.  Samaroo was paid a fixed salary in excess of all statutory minimums, and simultaneously supervised a team of two or employees as the garage manager.  Samaroo had autonomous authority to hire and fire any and all employees in the garage.  As for Sukhjinder Singh and Simranjit Singh, both were paid an hourly rate at or above the applicable minimum wage.  Moreover, the hours that both allege to have worked are significantly inflated.

In sum, there is a *bona fide* dispute between the parties regarding Plaintiffs' wage and hour claims. The agreement reflects the parties' effort to resolve same in an amicable fashion through arm's length bargaining by experienced counsel with the assistance of court annexed mediation.

### II.   The Settlement is Fair and Reasonable

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Generally, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 WL 185628 at *7 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

---

[3] The statute of limitation under the FLSA is three years for willful violations. 29 U.S.C. §255(a). But it is six years under the New York Labor Law §198(3).

Hon. Robert M. Levy
December 26, 2023
Page 3

It is apparent that the Agreement in this matter is a fair and reasonable resolution of a *bona fide* dispute between the parties. This is because the Agreement: (1) fairly accounts for Plaintiffs' possible recovery; (2) enables the parties to avoid the substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risk in proceeding with the litigation; and (3) is the product of arm's-length bargaining between experienced counsel carried out without any semblance of fraud or collusion. *See, Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved.

A.  *The Agreement Fairly Balances Plaintiffs' Possible Recovery with the Risks and Expenses of Litigation.*

It is submitted that there are factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial. Most importantly, defendants' financial condition, and the delay of litigation, tip the scales in favor of an early settlement.

In light of the uncertainties associated with establishing Plaintiffs' claims and the Parties' strong desire to avoid the expense and delay of further legal proceedings, the amounts payable to Plaintiffs fall within the range of reasonableness in comparison to his estimated damages. *See Beckert v. Rubinov*, 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (finding that the "amount [plaintiff] would receive under the Agreement ($29,557.97) is a substantial proportion of the maximum possible recovery he identifies ($114,700)"). Here, the Parties were able to reach an agreement at an early stage of proceedings, after discovery commenced but before incurring the costs of depositions, motion practice and trial. *See Burgos v. San Miguel Transp., Inc.*, 2016 WL 7015760 *2 (S.D.N.Y. Dec. 1, 2016) (citing early stage of the case as one of the factors supporting the fairness of a settlement that was substantially below the amount that plaintiffs initially contemplated).

Although the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) did not set forth all of the factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, general releases and counsel fees exceeding 40%. *Cheeks*, 796 F.3d at 206. This agreement contains no such red-flags: (i) the release contained in the agreement is not overbroad; (ii) there is no provision concerning confidentiality, and (iii) attorney's fees are limited to less than 20% of the settlement amount, as counsel has waived reimbursement for expenses.

B.  *The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

The settlement was in no way affected by any "overreaching" by Defendants. To the contrary, the settlement was the result of vigorous arm's-length negotiations at a settlement conference with a court annexed mediator. The parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients on the benefits.

Finally, the Agreement was the product of negotiations which were devoid of any semblance of fraud or collusion. Indeed, negotiations between the parties' counsel were amicable but contentious, conducted with the assistance and oversight of the mediator, and both sides were required to make serious compromises.

Hon. Robert M. Levy
December 26, 2023
Page 4

### III.     Plaintiffs' Application for Attorney's Fees Should Be Approved

Pursuant to the retainer agreement between Plaintiffs and counsel, Plaintiffs' attorney fees should have been $25,000.00, which equals 1/3 of the $75,000.00 Settlement Payment. Nevertheless, in the interest of fairness, and to facilitate the settlement, I have agreed to lower my fee to $15,000.00, and to waive reimbursement of $852.00 in costs which I have paid.  A copy of the retainers is attached hereto as Exhibit "B".

A one-third fee would have been considered a fair and reasonable amount, as it was not only agreed upon by Plaintiffs and counsel in the retainer agreement, but is also routinely approved by courts in the Second Circuit.  See, Ramos v. DNC Food Serv. Corp., No. 19-cv-02967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25,2022) (citing cases); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013).  Therefore, a substantially lesser requested fee should certainly eliminate any question of overreaching.

Nevertheless, a "lodestar" cross-check supports the reasonableness of the requested attorney's fee amount in this case.  See, e.g., Goldberger v. Integrated Resources, Inc., 209 F. 3rd 42 (2d Cir. 2000). My current billing rate is $425.00 per hour. The lodestar is currently $14,662.50, which represents 34.50 hours by the attorney. Courts regularly award lodestar multipliers from two to six times lodestar. Ramos, supra, at *6. A resulting lodestar may be adjusted based on several factors, Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), such as applying a multiplier to the lodestar calculation to compensate the attorney for the risk associated with contingent fees, Fujiwara v. Sishi Yasuda Ltd., 58 F. Supp. 3d 424, 438-439 (S.D.N.Y. 2014).  it is respectfully submitted that the requested contingency fee in this case in the amount of $15,000.00, is clearly fair and reasonable as it is equivalent to the lodestar amount, when the attorney's waiver of being reimbursed for $852.00 in costs is considered.  A detailed contemporaneous record of my time is annexed hereto as Exhibit "C".

I am a sole practitioner and handled all legal tasks in this action myself.  I was admitted in New York State in 1981, and in this court in 1984, and have been an attorney in good standing in both courts to date.  Since 1981, I have represented litigants in the Eastern District of New York, the Southern District of New York, the New York City Civil Court and the New York State Supreme Court.  I have also represented parties in appeals before the Appellate Division of the New York State Supreme Court, as well as the Second Circuit. I have substantial experience representing both plaintiffs and defendants in wage claims, and other employment matters.

My current billing rate of $425.00 per hour is in line with rates awarded to similarly experienced wage and hour attorneys practicing in this district.  See, Mahoney v. Amekk Corp., No. 14-CVB-4131 (ENV)(VMS), 2016 WL 6585810 at *19 (E.D.N.Y. Sept. 30, 2016) (finding rates for partners in FLSA cases between $300-$450 reasonable as of 2016); Wilian Encalada v. Baybridge Enterp. Ltd., 612 Fed. Appx. 54 (2d Cir. 2015 (Summary Order) (finding $350 hourly rate reasonable for attorney handling standard FLSA action in 2015).  It is respectfully requested that the Court approve my current hourly rate of $425.00.

As set forth supra, Plaintiffs faced a risk of loss based on disputed legal and factual issues. Moreover, Plaintiffs' attorney took this case pursuant to a retainer agreement with Plaintiffs that stated that counsel would receive a percentage of the recovery only if Plaintiffs

Hon. Robert M. Levy
December 26, 2023
Page 5

obtained a recovery. Accordingly, Plaintiffs' counsel faced a risk of receiving little or no payment for this work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. § 202(a). A fair attorneys' fee award that considers the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

### IV. Conclusion

Considering the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA. The Plaintiffs respectfully request, and the Defendants have agreed, that the Court retain jurisdiction over the action to ensure that the monthly payment schedule is followed by Defendants.

We thank the Court for its time and consideration of these requests.

Respectfully submitted,

/s/ Arthur Forman
Arthur H. Forman, Esq.
90-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Plaintiffs*

AHF/ms
Enc.